PER CURIAM.
We affirm the trial court’s denial of Michael Bell's petition for writ of mandamus, on the authority of Gramegna v. Florida Parole Commission, 638 So.2d 205 (Fla. 1st DCA 1994), review granted, No. 83,955, 649 So.2d 233 (Fla. Nov. 15, 1994).
Originally charged with battery on a law enforcement officer, Bell entered a plea of nolo contendere to the lesser included offense of simple battery as part of a plea agreement. He complains that the Parole Commission has denied him control release eligibility under section 947.146(3)(h), Florida Statutes (1993), which precludes such eligibility for inmates “convicted ... of committing or attempting to commit ... battery ... against an officer.” § 947.146(3)(h), Fla.Stat. (1993) (emphasis supplied).
The Parole Commission asserts a right to rely on the arrest report, which indicates that a battery occurred in the course of an altercation with a Florida Highway Patrol Officer. The Commission has treated Bell as if he had been convicted of a battery on a law enforcement officer on the supposed authority of Dugger v. Grant, 610 So.2d 428 (Fla. 1992), which, however, is distinguishable.
The Florida Supreme Court has held that the Secretary of the Department of Corrections could rely on information in an inmate’s presentence investigation report, to determine eligibility for provisional credits, when factual matters apart from the nature of a conviction were at issue. Dugger v. Grant, 610 So.2d 428 (Fla. 1992).... In contrast, section 947.146(4)(c), Florida Statutes (1991), requires proof of nothing other than a specified conviction in order to disqualify the convict from control release.
Gramegna, 638 So.2d at 206-07. Similarly, section 947.146(4)(h), Florida Statutes (1993), *579 “requires proof of nothing other than a specified conviction in order to disqualify the convict from control release,” and . “the Grant court never held that a conviction could be proven except by a copy of the judgment.” Gramegna, 638 So.2d at 207 (emphasis in original).
As in Gramegna, therefore, and as in Wilson v. Florida Parole Commission, 638 So.2d 205 (Fla. 1st DCA 1994), we certify a question of great public importance to our supreme court:
WHETHER AN ARRESTING OFFICER’S AFFIDAVIT MAY BE USED TO DISQUALIFY AN INMATE FROM CONTROL RELEASE ELIGIBILITY, UNDER SECTION 947.146(3)(h), FLORIDA STATUTES (1993), WHERE THE JUDGMENT OF CONVICTION IS NOT ITSELF DISQUALIFYING?
MINER, WOLF, and BENTON, JJ., concur.